UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD LIFF,<br><br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, aka LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE AMERISOURCE BERGEN COPRORATION LONG TERM DISABILITY PLAN, and AMERISOURCEBERGEN CORPORATION, aka AMERISOURCEBERGEN DRUG CORPORATION<br><br>    Defendants | Civil Action No. 05-11672-WGY |

### ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Life Assurance Company of Boston[1] ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

### INTRODUCTION

1. Liberty Life makes no response to the paragraph as it merely purports to summarize Plaintiff's claims and because it contains legal conclusions to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations, except admits so much of this paragraph as alleges that the Plan is an employee welfare benefit plan.

---

[1] Incorrectly named as "Liberty Mutual Insurance Company, aka Liberty Life Assurance Company of Boston."

2. Liberty Life makes no response to the paragraph as it merely purports to summarize Plaintiff's claims. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

3. Liberty Life makes no response to the paragraph as it merely purports to summarize Plaintiff's claims. To the extent this paragraph requires a response, Liberty Life denies the allegations in this paragraph.

## JURISDICTION

4. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations therein.

## PARTIES

5. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5. The second and third sentences of this paragraph state conclusions of law to which no responses are required. To the extent that responses are required to these sentences, Liberty Life denies the allegations therein.

6. Liberty Life denies the allegations in this paragraph, except states that it has a principal place of business in Boston, Massachusetts, that it transacts business in Massachusetts, that it is the insurer for long-term disability benefits under a policy of insurance provided to AmerisourceBergen Corporation, and that it has the sole discretion to construe the terms of the policy and to determine benefit eligibility under the policy.

7. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations, therein.

8. Liberty Life denies the allegations in this paragraph, except states that Liberty Life issued a policy of insurance to AmerisourceBergen Corporation under which long-term disability benefits were provided. The policy number is GF3-830-004041-01.

9. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of this paragraph. The second sentence of this paragraph states conclusions of law to which no response is required. To the extent this sentence requires a response, Liberty Life denies the allegations in this paragraph, except states that AmerisourceBergen is the sponsor of the policy of insurance provided by Liberty Life. Further responding, Liberty Life refers the Court to the administrative record and the documents contained therein which describe Plaintiff's employment.

10. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph.

## STATEMENT OF FACTS

11. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further responding, Liberty Life refers the Court to the administrative record and denies any mischaracterization Plaintiff makes of the documents contained therein.

12. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except states that the "acquisition agreement" speaks for itself. Further responding, Liberty Life refers the Court to the administrative record and denies any mischaracterization Plaintiff makes of the documents contained therein.

13. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except states that the "acquisition agreement" speaks

for itself. Further responding, Liberty Life refers the Court to the administrative record and denies any mischaracterization Plaintiff makes of the documents contained therein.

14. Liberty Life denies the allegations in this paragraph, except states that it issued a policy of insurance to AmerisourceBergen under which it provided long-term disability benefits.

15. Liberty Life denies the allegations in this paragraph. Further responding, Liberty Life refers the Court to the administrative record and the policy of insurance therein, which speak for themselves, and denies any mischaracterization Plaintiff makes of those documents.

16. Liberty Life states that the administrative record and the policy of insurance therein speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

17. Liberty Life states that the administrative record and the policy of insurance therein speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

18. Liberty Life states that the administrative record and the policy of insurance therein speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

19. Liberty Life states that the administrative record and the policy of insurance therein speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

20. Liberty Life states that the administrative record and the policy of insurance therein speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

21. Liberty Life states that the administrative record contains any calculations of benefits related to Plaintiff and that the administrative record speaks for itself. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

22. Liberty Life states that Plaintiff's claim for benefits and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

23. Liberty Life states that Plaintiff's medical records contained in the administrative record speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

24. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further responding, Liberty Life refers the Court to the administrative record.

25. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further responding, Liberty Life refers the Court to the administrative record.

26. Liberty Life states that Plaintiff's claim for benefits and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any

mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

27. Liberty Life states that the letter dated October 28, 2003 and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

28. Liberty Life states that the letter dated October 28, 2003 and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

29. Liberty Life states that the letter dated October 28, 2003 and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

30. Liberty Life states that the document from Paul Pescatore and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

31. Liberty Life states that the letter dated April 19, 2004 from Mark Bronstein, Esq. and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

32. Liberty Life states that the letter dated April 19, 2004 from Mark Bronstein, Esq. and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

33. Liberty Life states that the letter dated April 19, 2004 from Mark Bronstein, Esq. and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

34. Liberty Life admits so much of this paragraph as alleges that counsel for Plaintiff communicated with Liberty Life and that those communications are contained and/or explained in the administrative record. Liberty Life denies any mischaracterization the Plaintiff makes of those communications and respectfully refers the Court to the administrative record. Further responding, Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's counsel's communications with AmerisourceBergen.

35. Liberty Life denies the allegations in paragraph 35.

36. Liberty Life states that the letter dated June 24, 2004 from Heather Carignan and the administrative record of which it is a part speak for themselves. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

37. Liberty Life states that the letter dated June 24, 2004 from Heather Carignan and the administrative record of which it is a part speak for themselves. Further responding, Liberty

Life denies any mischaracterization the Plaintiff makes of those documents and respectfully refers the Court to the administrative record.

38. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Further responding, Liberty Life refers the Court to the administrative record and denies any mischaracterization the Plaintiff makes of the documents contained therein.

39. Liberty Life denies the allegations in this paragraph.

40. Liberty Life denies the allegations in this paragraph.

41. Liberty Life denies the allegations in this paragraph.

42. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Liberty Life denies the allegations in this paragraph.

43. Liberty Life denies the allegations in this paragraph.

44. Liberty Life denies the allegations in this paragraph.

45. Liberty Life denies the allegations in this paragraph.

46. Liberty Life denies the allegations in this paragraph.

47. Liberty Life denies the allegations in this paragraph.

48. Liberty Life denies the allegations in this paragraph.

49. Liberty Life denies the allegations in this paragraph.

50. Liberty Life denies the allegations in this paragraph.

51. Liberty Life denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION (Enforcement of Terms of Plan, Action for Unpaid Benefits)(All Defendants)**

52. Liberty Life restates and incorporates by reference herein its responses to paragraphs 1 through 51.

53. This paragraph states conclusions of law to which no response is required. To the extent this paragraph requires a response, Liberty Life denies the allegations therein.

54. Liberty Life denies the allegations in this paragraph.

55. Liberty Life states that the statute referenced in this paragraph speaks for itself. Further responding, Liberty Life denies any mischaracterization the Plaintiff makes of that statute.

56. Liberty Life denies the allegations in this paragraph.

57. Liberty Life denies the allegations in this paragraph.

58. Liberty Life denies the allegations in this paragraph.

59. Liberty Life denies the allegations in this paragraph.

**SECOND CAUSE OF ACTION (Equitable Relief as to Defendant AmeriSourceBergen)**

60. Liberty Life makes no response to the allegations under this cause of action as this cause of action is brought against another defendant.

61. Liberty Life makes no response to the allegations under this cause of action as this cause of action is brought against another defendant.

62. Liberty Life makes no response to the allegations under this cause of action as this cause of action is brought against another defendant.

63. Liberty Life makes no response to the allegations under this cause of action as this cause of action is brought against another defendant.

**THIRD CAUSE OF ACTION (Attorneys' Fees and Costs)(All Defendants)**

64. Liberty Life restates and incorporates by reference herein its responses to paragraphs 1 through 63 above.

65. Liberty Life denies the allegations in this paragraph.

66. Liberty Life denies the allegations in this paragraph.

67. Liberty Life denies the allegations in this paragraph.

68. Liberty Life denies the allegations in this paragraph.

69. Liberty Life denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims he has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

## NINTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

                    Respectfully submitted,

                    LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
                    By its attorneys,

                    /s/ Richard W. Paterniti
                    Andrew C. Pickett, BBO# 549872
                    Richard W. Paterniti, BBO#645170
                    Jackson Lewis LLP
                    75 Park Plaza
                    Boston, MA 02116
September 26, 2005         (617) 367-0025