UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD LIFF,<br>    Plaintiff<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE AMERISOURCE BERGEN CORPORATION LONG TERM DISABILITY PLAN and AMERISOURCE BERGEN CORPORATION, a/k/a AMERISOURCE BERGEN DRUG CORPORATION,<br>    Defendants | CIVIL ACTION NO. 05-11672 WGY |

**ANSWER OF DEFENDANT AMERISOURCE BERGEN CORPORATION, a/k/a AMERISOURCE BERGEN DRUG CORPORATION**

Defendant AmerisourceBergen Corporation, a/k/a AmerisourceBergen Drug Corporation ("AmerisourceBergen") answers the allegations of the Complaint as follows:

**INTRODUCTION**

1 – 3.   AmerisourceBergen makes no response to the three "Introduction" paragraphs of the Complaint as they are merely a general description or summary of plaintiff's claim, or conclusions of law, and as to which no response is required. To the extent that these paragraphs contain any allegations of fact to which a response is

required, the allegations are denied.

## JURISDICTION

4. This paragraph contains no allegations of fact but only a conclusion of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

## PARTIES

5. AmerisourceBergen admits the allegations contained in the first sentence of this paragraph on information and belief. The second and third sentences of this paragraph contain no allegations of fact but only conclusions of law to which no response is required. To the extent that these sentences contain any allegations of fact, they are denied.

6. AmerisourceBergen admits Liberty Life Assurance Company of Boston ("Liberty Life") is the insurer under a group disability policy issued to AmerisourceBergen and that Liberty Life is the party responsible for processing claims under the policy and has sole discretion to make determinations with respect to said claims. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

7. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

8. AmerisourceBergen admits that Liberty Life issued a Group Disability Income Policy to AmerisourceBergen Corporation, which policy is numbered GF3-830-004041-01 and which had an effective date of July 1, 2002. AmerisourceBergen denies

the remaining allegations of this paragraph.

9. AmerisourceBergen admits the allegations contained in the first sentence of this paragraph. AmerisourceBergen admits the allegations contained in the second sentence of this paragraph, except that it denies that AmerisourceBergen is the administrator of AmerisourceBergen and says that AmerisourceBergen is the Sponsor of the Group Disability Income Policy issued by Liberty Life.

10. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

## STATEMENT OF FACTS

11. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in first sentence of this paragraph. AmerisourceBergen admits the allegations contained in the second sentence of this paragraph.

12. AmerisourceBergen denies the allegations contained in this paragraph.

13. AmerisourceBergen denies the allegations contained in this paragraph.

14. AmerisourceBergen denies the allegations contained in this paragraph.

15. AmerisourceBergen denies the allegations contained in this paragraph. And answering further, AmerisourceBergen says that the terms and conditions of the Liberty Life Group Disability Income Policy speak for themselves.

16. AmerisourceBergen admits that the Group Disability Income Policy issued by Liberty Life to AmerisourceBergen Corporation provides benefits when an insured person becomes totally disabled. And answering further, AmerisourceBergen says that

the terms and conditions of the Liberty Life Group Disability Income Policy speak for themselves.

17. AmerisourceBergen admits that the Group Disability Income Policy issued by Liberty Life to AmerisourceBergen Corporation contains various terms and conditions, all of which speak for themselves.

18. AmerisourceBergen admits that the Group Disability Income Policy issued by Liberty Life to AmerisourceBergen Corporation contains various terms and conditions, all of which speak for themselves.

19. AmerisourceBergen admits that the Group Disability Income Policy issued by Liberty Life to AmerisourceBergen Corporation contains various terms and conditions, all of which speak for themselves.

20. AmerisourceBergen admits that the Group Disability Income Policy issued by Liberty Life to AmerisourceBergen Corporation contains various terms and conditions, all of which speak for themselves.

21. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Mr. Liff's Claim for LTD Benefits**

22. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Mr. Liff's Application for LTD Benefits**

23. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. AmerisourceBergen lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

25. AmerisourceBergen admits that the scheduled date of Mr. Liff's last day of active work was June 6, 2003. AmerisourceBergen denies the remaining allegations contained in this paragraph.

26. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Mr. Liff's Appeal of Liberty's Denial of His Benefits**

31. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. AmerisourceBergen admits that counsel for Mr. Liff contacted it and requested information concerning the status of Mr. Liff's disability insurance benefits

under the terms of the acquisition of Telepharmacy Solutions by AmerisourceBergen. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

35. AmerisourceBergen denies the allegations contained in this paragraph.

**Liberty Upheld the Prior Denial**

36. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. AmerisourceBergen denies the allegations contained in this paragraph.

39. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45. AmerisourceBergen lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

46. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. AmerisourceBergen denies the allegations contained in this paragraph.

48. AmerisourceBergen denies the allegations contained in this paragraph.

49. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50. AmerisourceBergen denies the allegations contained in this paragraph.

51. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

52. AmerisourceBergen repeats and incorporates herein by reference all of its foregoing responses to the above-numbered paragraphs of the Complaint.

53. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

54. AmerisourceBergen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

56. This paragraph contains no allegations of fact but only conclusions of law

to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

57. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

58. AmerisourceBergen denies the allegations contained in this paragraph.

59. AmerisourceBergen denies the allegations contained in this paragraph.

## SECOND CAUSE OF ACTION
### (Equitable Relief as to Defendant AmerisourceBergen)

60. AmerisourceBergen repeats and incorporates herein by reference all of its foregoing responses to the above-numbered paragraphs of the Complaint.

61. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

62. AmerisourceBergen denies the allegations contained in this paragraph.

63. This paragraph contains no allegations of fact but only a statement of the relief that plaintiff is seeking to which no response is required. To the extent that this paragraph contains any allegations of fact, they are denied.

## THIRD CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

64. AmerisourceBergen repeats and incorporates herein by reference all of its foregoing responses to the above-numbered paragraphs of the Complaint.

65. This paragraph contains no allegations of fact but only conclusions of law to which no response is required. To the extent that this paragraph contains any

allegations of fact, they are denied.

66. AmerisourceBergen denies the allegations contained in this paragraph.

67. AmerisourceBergen denies the allegations contained in this paragraph.

68. AmerisourceBergen denies the allegations contained in this paragraph.

69. AmerisourceBergen denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against AmerisourceBergen.

### SECOND DEFENSE

To the extent that plaintiff is entitled to any relief in the form of disability benefits, the payment of those benefits are due in accordance with the terms and conditions of the Liberty Life Group Disability Income Policy and AmerisourceBergen is not the party responsible for the payment of such benefits under the terms of the policy.

### THIRD DEFENSE

The equitable relief that plaintiff seeks in the Second Cause of Action does not come within the scope of "other appropriate equitable relief" as provided for in 29 U.S.C. §1132 (a) (3)(B).

### FOURTH DEFENSE

Plaintiff has released AmerisourceBergen from any and all claims for benefits or compensation arising out of or relating to his employment or the termination of his employment.

WHEREFORE, AmerisourceBergen Corporation prays that:

1. The Complaint be dismissed in its entirety;

2. The Court award AmerisourceBergen its costs and attorneys' fees; and

3. The Court award such other and further relief as it deems just and proper.

    AMERISOURCE BERGEN
    CORPORATION

    By its attorneys,

    */s/ Edward S. Rooney, Jr.*
    Edward S. Rooney, Jr.
    BBO No. 426840
    ECKERT SEAMANS CHERIN &
    MELLOTT, LLC
    One International Place, 18th Floor
    Boston, MA  02110
    (617) 342-6800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by regular mail, postage prepaid, this 27th day of October, 2005.

    */s/ Edward S. Rooney, Jr.*
    Edward S. Rooney, Jr.