UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD LIFF,<br>        Plaintiff<br><br>        v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br>a/k/a LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON, THE AMERISOURCE BERGEN<br>CORPORATION LONG TERM DISABILITY<br>PLAN and AMERISOURCE BERGEN<br>CORPORATION a/k/a AMERISOURCE BERGEN<br>DRUG CORPORATION,<br>        Defendants | CIVIL ACTION NO. 05-11672 WGY<br><br>YOUNG, D.J. , *as modified*<br>So ordered as the case management<br>scheduling order.<br>        Discovery due *March 30, 2006*<br>        Dispositive Motions due *April 30, 2006*<br><br>*William G Young*<br>U.S. District Judge<br>*Nov. 29, 2005* |

**JOINT STATEMENT**

Pursuant to Local Rule 16.1, Liberty Life Assurance Company of Boston, The

AmerisourceBergen Corporation Long Term Disability Plan and AmerisourceBergen

Corporation (collectively referred to as "Defendants"), and the Plaintiff Harold Liff ("Mr. Liff"

or "Plaintiff") hereby file this Joint Statement.

### Proposed Litigation Plan and Schedule for Motions

The parties propose the schedule set forth below for consideration by the Court.

a.  Motions to join additional parties and to amend the pleadings must be filed by

December 15, 2005.

b.  Insofar as this matter solely concerns the Court's review of a claim for benefits under

ERISA, Liberty Life will provide to the other parties on or before December 15, 2005, a copy of

the Record for Judicial Review, unredacted, with the exception of privileged documents or as

required by Court order or rule, and arranged in an orderly fashion.  Liberty Life will produce a privilege log, if necessary, for any documents that are redacted or withheld on the basis of privilege.

c.  If any party claims that the record is incomplete, that party must notify the other parties' counsel in writing of the same by December 30, 2005.  If the other parties do not provide such notice by December 30, 2005, then Liberty Life shall file with the Court each of the documents served on the other parties entitled as "Agreed to Record for Judicial Review."  If any other party do provides such notice, the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by January 15, 2006.  If the parties come to an agreement, they will file an "Agreed To Record For Judicial Review" no later than January 30, 2006.  If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by January 30, 2006, a document entitled "Partial Record for Judicial Review," which contains only that portion of the record on which the parties agree.  To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by March 30, 2006.

d.  If any party proposes that it is entitled to any discovery in order to complete or supplement the record for judicial review, it must file with the Court a submission showing cause for the party's entitlement to such discovery.  The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received in evidence and would be material to the disposition of this civil action.  Any requests for discovery must be filed by February 15, 2006.  ~~Oppositions to motions for discovery shall be filed within 21 days from service of a request for discovery~~.

e.  Insofar as this matter involves the review of a record whose content will be decided based on the methodology set forth herein, the parties are relieved of any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

f.  Summary Judgment Motions with accompanying memoranda must be filed by April 30, 2006, or within two months after the Court rules upon the availability of discovery and the record for judicial review.

## SETTLEMENT

Plaintiff recently submitted a settlement proposal, which Defendants are in the process of evaluating.

## CERTIFICATIONS

Local Rule 16.1(D)(3) certifications will be filed by the parties under separate cover. The parties have not agreed to have a trial in front of a Magistrate Judge.

Respectfully submitted,

HAROLD LIFF,

By his attorneys,

/s/ Mark Bronstein
Mark Bronstein, BBO # 058640
M. Katherine Sullivan, BBO # 649239
LAW OFFICE OF MARK BRONSTEIN
288 Walnut St, Ste 120
Newton, MA 02460

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

By its attorneys,

/s/ Richard W. Paterniti
Andrew C. Pickett, BBO# 549872
Richard W. Paterniti, BBO# 645170
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116

Respectfully submitted,

THE AMERISOURCEBERGEN
LONG TERM DISABILITY PLAN AND THE
AMERISOURCEBERGEN CORPORATION
a/k/a AMERISOURCEBERGEN DRUG CORPORATION

By their attorney,

___/s/ Edward S. Rooney, Jr._____
Edward S. Rooney, Jr.BBO # 426840
Sandy Shen BBO # 646961
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800