UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HAROLD LIFF | ) | |
|  | ) | |
| PLAINTIFF | ) | |
|  | ) | |
| V. | ) | CIVIL ACTION |
|  | ) | NO. 05-11672-WGY |
| LIBERTY MUTUAL INSURANCE COMPANY | ) | |
| A/K/A LIBERTY LIFE ASSURANCE CO. OF | ) | |
| BOSTON, THE AMERISOURCE BERGEN | ) | |
| LONG TERM DISABILITY PLAN AND | ) | |
| AMERISOURCE BERGEN CORPORATION | ) | |
| A/K/A AMERISOURCE BERGEN DRUG | ) | |
| CORPORATION | ) | |

DEFENDANTS

**PLAINTIFF'S MOTION FOR
LIMITED PRE-TRIAL DISCOVERY RELATING TO
THE SCOPE OF THE ADMINISTRATIVE RECORD
WITH RULE 7.1 CERTIFICATION**

NOW COMES the plaintiff, Harold Liff ("Plaintiff"), pursuant to Rule 7(b) of F.R.C.P., Rule 7.1 of the local rules and the Scheduling Order of this Court, and moves this Court to enter an order permitting Plaintiff to engage in limited and focused pre-trial discovery. In support of this motion, Plaintiff has filed his memorandum herewith and exhibits.

Plaintiff filed this action after he was denied long term disability benefits under the AmerisourceBergen Benefit Plan ("the Plan") sponsored by his employer, AmerisourceBergen Corporation ("AmerisourceBergen" or "the Employer") and administered by Liberty Life Assurance Company ("Liberty Life"). In his complaint,

Plaintiff alleges that he is entitled to relief under 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), and more specifically that the Plan and Liberty Life wrongfully denied his claim for long-term disability benefits ("LTD benefits").  In addition, Plaintiff alleges that the Employer breached its fiduciary duty to Plaintiff in violation of 29 U.S.C. § 1132(a)(3)(B) by its failure to provide complete and accurate information to Liberty and Mr. Liff, as well as other improper acts and omissions  which led to the denial of Plaintiff's LTD benefit claim.

Defendant Liberty Life has filed a Partial Record for Judicial Review consisting primarily of insurer's claims file from its consideration of Plaintiff's benefit claim.  The purpose of the motion is to discover the scope of additional documents and other evidence that may not have been part of the Liberty claims file, but which are necessary and material to the Court's  review of the decision of the Defendants deny Plaintiff's claim for benefits.

## I .     THE LIMITED DISCOVERY SOUGHT

The Plaintiff is seeking discovery regarding the facts surrounding the acquisition of Mr. Liff's former employer, Telepharmacy, Inc.("Telepharmacy") by AmerisourceBergen and the terms of this agreement as it pertains to the benefits status promised to former Telepharmacy employees.  In addition, information is being sought as to whether AmerisourceBergen took the proper steps necessary to incorporate this agreement into the Liberty Life disability insurance policy it sponsored as the mechanism for providing the Plan's disability benefits to its employees, or took other actions with regard to Mr. Liff's planned disability leave which unfairly resulted in the denial of his

subsequent claim for benefits.

Further, the Plaintiff is seeking discovery regarding administrative agreements between Liberty and AmerisourceBergen setting out their relative responsibilities between under the Plan to adjudicate issues such as employee status pertinent to disability claims, and the process by which Liberty and AmerisourceBergen investigated and determined Mr. Liff's claim with regard to this issue.

Mr. Liff seeks to discover related Liberty Life underwriting information, claims manuals, instructional and training documents applicable to this claim, and administrative agreements between Defendants. The Plaintiff seeks documents and information relating to Plaintiff's employment status as it relates to his effective date of insurance for LTD coverage, and information regarding the Employer's actions effectuating the coverage and benefits due Mr. Liff under the terms of his employment and the provisions of the Plan. The requested discovery is essential to determine the information pertinent to this case which should be disclosed and considered for inclusion in the record on review before this Court.

Specifically, the Plaintiff is seeking:

**A.    As to Defendant Liberty**:

(1)    All internal rules, guidelines, protocols, memoranda, correspondence, or other documents that reference or interpret the "effective date of coverage" and "Associated Companies" provisions in the Plan and manner in which the provision should be interpreted and/or applied;

(2)    All internal rules, guidelines, protocols, memoranda, or other documents that guide Liberty employees' in determining a claimant's "effective date

of coverage."

(3)   Information from the Liberty Life underwriting department regarding the application of the underwriting guidelines.

**B.   As to Defendant, AmerisourceBergen Benefit Plan and AmerisourceBergen as Employer:**

1)   All Agreements and other Plan Documents between Defendants relating to administration of the Plan.

(2)   All communications regarding Mr. Liff.

(3)   All communications between AmerisourceBergen and Liberty regarding the application of the "Associated Companies" provision of the Plan.

(4)   Information regarding the acquisition agreement between Telepharmacy and AB as it relates to employment and benefit status of acquired Telepharmacy employees.

(5)   Communications prior to Mr. Liff's departure from AmerisourceBergen. with Mr. Liff and any others regarding his planned disability leave and regarding his right to LTD benefits.

(6)   Communications with former Telepharmacy management regarding the Stock Purchase Agreement provisions relevant to employee benefits and the implementation thereof after the acquisition.

In addition, Mr. Liff seeks to depose:

1) Paul Pescatore, VP of Telepharmacy Solutions whose opinion as to Mr. Liff's benefits coverage status was the basis of Liberty's denial of Plaintiff's claim. (AR

000265). Mr. Liff seeks to discover what the basis of Mr. Pescatore's opinion.

2) Brian Hart, former president of Telepharmacy Solutions when it was acquired by AmerisourceBergen regarding the terms of the acquisition of Telepharmacy as it affected employee benefits and the circumstances surrounding Mr. Liff's disability leave.

3) Kimberly Brickett, who is identified in the Liberty claims file as the "underwriter for Amerisource." (AR000235). Mr. Liff seeks to discover the criteria utilized by Liberty Life in determining the effective coverage date of a claimant, the circumstances surrounding the determination of the effective coverage date of former Telepharmacy employees under the Plan, and the guidelines and procedures which did or could have been followed to provide for an effective coverage date under the Liberty policy consistent with the obligations entered into as part of the Telepharmacy acquisition.

WHEREFORE, the Plaintiff requests that this motion be granted.

## REQUEST FOR ORAL ARGUMENT

The Plaintiff hereby requests oral argument on Plaintiff's Motion for Pre-Trial Discovery, pursuant to Local Rule 7.1 (d) to the extent the Court believes that a hearing on the motion would aid its decision in this matter.

                                                            Respectfully submitted.

February 16, 2006                          HAROLD LIFF

                                                            By his attorneys,

                                                             /s/ Mark Bronstein
                                                            Mark Bronstein

>BBO No. 058640
>M. Katherine Sullivan
>BBO No. 649239
>Law Office of Mark Bronstein
>288 Walnut Street, Suite 120
>Newton, MA 02458
>617-244-5551

## RULE 7.1(2) CERTIFICATION

Plaintiff's counsel certifies that he conferred with attorney Richard Paterniti who represents Liberty in this matter, and Edward Rooney, representing the employer and the Plan, regarding the filing of this Motion and accompanying Memorandum, and that Defedants' counsel has no opposition to its filing.  Defendants' counsel would not agree to the plaintiff taking any discovery.

>  /s/ Mark Bronstein
>Mark Bronstein(BBO No. 058640)
>M. Katherine Sullivan(BBO No. 649239)
>Law Office of Mark Bronstein
>288 Walnut Street, Suite 120
>Newton, MA 02458
>617-244-5551

Date: February 16, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by regular mail, postage prepaid, this 16th day of February, 2006.

  /s/ Mark Bronstein
Mark Bronstein(BBO No. 058640)
M. Katherine Sullivan(BBO No. 649239)
Law Office of Mark Bronstein
288 Walnut Street, Suite 120
Newton, MA 02458
617-244-5551